ROGERS, Justice.
 

 On May 1, 1935, Albert Tate purchased by warranty deed from Rene L. DeRouen a number of lots and tracts of land situated in the Parish of Evangeline. On the same day the deed was filed in the office of the clerk of court and duly recorded in the conveyance records of the Parish. One of the tracts bears the following description:
 

 “A certain tract of woodland in Evangeline Parish, La., containing 20 arpents, more or less, and being situated in the west part of section 47 township 4 south range 2 east, La. Meridian, bounded on the North by Hellaire Bordelon, South Sam Haas estate, east by Emile & Jule Ludeau and West by Lucius Foret, being the same property acquired by R. L. DeRouen of Louisa L. Fontenot, on Jan. 7th, 1914, deed filed and recorded on Jan. 7th, 1914, in Convey. Book A-2%, page 241, Evangeline Parish, La., records.”
 

 This suit was brought by Tate under the provisions of Act 38 of 1908 to be recognized as the owner of the above described tract of land. He alleged that Emile Ludeau and Jules E. Ludeau are claiming the ownership óf the property under a record title. He further alleged that neither he nor the defendants are in physical possession of the tract of land described in his petition.
 

 Defendants filed an exception of no cause or right of action which was referred to the merits. In their answer, defendants denied that plaintiff was the owner of the tract of land claimed by him. They alleged that they are the owners of the property as set forth in the deed which they hold and that they have been in possession thereof since their acquisition by virtue of the deed. They allege that the description in the deed whereby DeRouen, .plaintiff’s vendor, acquired the property is inaccurate and indefinite, and that in law and in fact it conveyed nothing to DeRouen, who did not acquire a merchantable title susceptible of being transferred to plaintiff, and that as defendants bought on the face of the public records, they are innocent third persons in good faith and therefore are “the bona fide owners of the said property.” Further answering, defendants averred that they have been in civil and corporeal possession of the property for more than ten years under a deed translative of property, and they pleaded the prescription of ten years acquirendi causa in bar of plaintiff’s demand.
 

 The trial on the issues as thus presented resulted in a judgment in favor of plaintiff, overruling the exception and the plea of prescription and decreeing plaintiff to be the owner of the tract of land described in his petition and ordering the annulment of the sale by which Emile Ludeau bought the property and also the subsequent sale by Emile Ludeau to Jules Ludeau of an interest in the property. Defendants appealed to the Court of Appeal for the First Circuit and that Court, after hearing the parties, annulled the judgment and dismissed plaintiff’s suit as in case of nonsuit.
 

 On plaintiff’s application, this Court granted a writ of review.
 

 The record discloses that Rene L. DeRouen, the vendor of the plaintiff, on January 7,
 
 *355
 
 1914, acquired by purchase from Mrs. Louisa L. Fontenot, wife of Eraste V. Fontenot, a certain tract of land described as follows:
 

 “A certain tract or parcel of woodland situated North of the Town of Ville Platte, Louisiana, and to be taken off the western end of the home place of vendor containing twenty (20) arpents, bounded on the North by Hillaire Bordelon, South by-, East by vendor and West by-.”
 

 The deed was duly recorded in the conveyance records of the Parish of Evangeline.
 

 It appears that Mrs. Louisa L. Fontenot was married twice. Her first husband was Diomede Soileau and her second husband was Eraste V. Fontenot. Diomede Soileau died about the year 1900 and Eraste V. Fontenot died about the year 1919.
 

 Mrs. Louisa L. Fontenot, widow by her first marriage of Diomede Soileau and by her second marriage of Eraste V. .Fontenot, acquired one-half of the property she sold to Rene L. DeRouen as the widow in community of Diomede Soileau and the other one-half from her minor children, Lee Anna (Leonore), Adeuse and Elise Soileau, by judgment of adjudication dated January 30, 1908. The judgment was duly recorded in the conveyance records of the Parish.
 

 On September 27, 1922, Mrs. Louisa L. Fontenot, as the widow of Diomede Soileau, and Adeuse Soileau, Leonore Soileau, wife of Adelin Soileau and Elise Soileau, as the heirs of Diomede Soileau, sold to Emile Ludeau the following described property:
 

 “A certain tract or parcel of woodland situated about two miles North of Ville Platte, La., containing twenty (20) arpents, being the west half of a tract of land which is bounded on the North by Hillaire Bordelon, South by Lucius Foret, East by land belonging to Estate of Diomede A. Soileau and West by Lucius Foret, said tract of land herein sold measures two arpents in width on line running North and South and Ten arpents in length on line running East and West.”
 

 The deed was duly recorded, in the records of the Parish of Evangeline.
 

 Subsequently, Emile Ludeau sold an interest in the property to his brother, Jules E. Ludeau, the other defendant.
 

 The dispute between the parties arises over the sufficiency of the description of the property conveyed by Mrs. Louisa L. Fontenot to Rene L. DeRouen. The judge of the district court held that the description was sufficient to convey ample notice to a prospective purchaser of the location and the identity of the property described. He also reached the conclusion, after reviewing the evidence, that neither party is in the actual possession of the property and that the suit was properly brought under the provisions of Act 38 of 1908. The Court of Appeal, after stating that the evidence of .possession while not sufficient to sustain the plea of prescription might be sufficient to require plaintiff to resort to some other form of action than that granted by Act No. 38 of 1908, pretermitted that question and rested its decision solely on the question of the sufficiency of the description of the property as set forth in the deed from Mrs. Louisa Fontenot to Rene L. DeRouen. The Court of Appeal, with
 
 *356
 
 two judges concurring and one judge dissenting, reached the conclusion that it was doubtful whether the description of the property in the DeRouen deed was sufficient, and that since the plaintiff had failed to bear the burden of properly identifying the property, he should be non-suited.
 

 Our consideration of this phase of the controversy brings us to the same conclusion as that reached by the trial judge.
 

 As we have shown,- by the judgment of adjudication rendered in the Succession of Diomede Soileau on January 30, 1908, Mrs. Louisa L. Fontenot, widow by her first marriage of Diomede Soileau, acquired a tract of land containing 100 arpents of which 70 arpents were open land and 30 arpents were woodland. The description reads in part as follows: “1st. — That certain tract of land, situated in the Parish of St. Landry, State of Louisiana, with buildings and improvements thereon, and containing about Seventy (70) arpents of open land and Thirty (30) arpents of wood land * * This tract was bounded on the north by the property of H. Bordelon, which' is the same boundary set forth in the sale to DeRouen in 1914 and the sale to Ludeau in 1922. The eastern boundary as described in the sale to DeRouen is the property of the vendor (Mrs. Louisa L. Fontenot), and the portion sold to DeRouen is to be taken off the western end of the “home place” of the vendor (Mrs. Louisa L. Fontenot).
 

 It can not be doubted that the “home place” of1 Mrs. Fontenot situated north of the Town of Ville Platte was well known to the residents of the Parish of Evangeline ; nor can it be doubted that the “home place” of Mrs. Fontenot was composed of the entire 100-arpent tract which she acquired in the manner set forth in the judgment of adjudication to which we have referred. The 30 arpents of woodland embraced within the tract were contiguous and accessible to the portion of the tract on which the residence of Mrs. Fontenot, the vendor of DeRouen, was located. Both plats of survey in the record and the testimony of LaTour show that the open land and the woodland touch and are accessible to each other at the northwest corner of the open land and the southeast corner of the woodland. Included in the act of sale by which Mrs. Fontenot sold to De-Rouen was another tract of land not forming any part of the “home place”. This was a clear indication to the vendee and his assigns that the vendor was possessed of a “home place” which was separate and distinct from any other tract of land owned by her. The tract of land sold by Mrs. Fontenot to DeRouen was composed of 20 of the 30 arpents of woodland forming a part of the vendor’s “home place,” and was that portion of the woodland situated at the extreme western end of the larger tract of 100 arpents owned by Mrs. Fontenot.
 

 Rene L. DeRouen, who was called as a witness on behalf of the plaintiff, testified that he was familiar with the “home place” of Mrs. Louisa L. Fontenot and that it consisted of the entire area of open land and woodland comprising the-, 100-arpent tract
 
 *357
 
 and that he bought the 20 arpents forming the western end of the entire area known as the “home place” of his vendor.
 

 Albert Tate, the plaintiff, who is a civil engineer, had no difficulty in identifying the property in dispute, nor did the surveyors who were employed by the respective litigants. This is shown by the two plats of survey, one dated April 17, 1937, prepared by M. J. Goudeau, Jr., and L. H. Guillory, surveyors, and the other dated November 20, 1937, prepared by Curtiss D. LaTour, surveyor. On both plats of survey the land in dispute is clearly set forth and identified.
 

 Emile Ludeau, the defendant, would have it appear from his testimony that the “home place” of Mrs. Fontenot consisted of the eastern portion containing 60 arpents of the 100-arpent tract and that the western end of the 60 acres “known to be the home place, is also, rather was also wood land, years ago.” Mr. Ludeau is clearly mistaken in this because, as shown by the plat prepared by Curtiss D. LaTour, defendants’ surveyor, and the testimony taken in connection therewith, the residence of Mrs. Louisa L. Fontenot was situated at a distance of 804 feet from the extreme western end of the tract designated by Ludeau as her “home place.” The 20-arpent tract that was sold by Mrs. Fontenot to DeRouen measures 10 arpents in length by 2 arpents in width. It is clear therefore that under this description if Ludeau is correct, the 20-arpent tract sold to DeRouen would have also included the residence of Mrs. Fontenot. No one pretends that this was the ease and the deed itself does not show any such conveyance.
 

 The western 20 arpents of the larger tract of land can have but one meaning, and the fact that the eastern boundary thereof is shown to be property owned by the vendor (Mrs. Louisa L. Fontenot) emphasizes the fact that the western 20 arpents were what was intended to be sold.'
 

 A number of decisions are cited by counsel for the defendants, but as shown by the' trial judge, they are not applicable to the facts presented in this case. In his reasons for judgment, the trial judge has well said:
 

 “The decisions cited by counsel for the defendants are inapposite upon a consideration of the facts presented by the instant case. If the description herein attacked; vaguely described the twenty arpents only as a part of the woodland, without designating that they were to be taken from the western end of the home place, a well known and easily ascertainable location, the authorities cited might apply. But under the description here, the twenty arpents are definitely located and their location is not left to the imagination of the reader of the deed or to a surveyor. Once the home place of vendor, a well-known and distinct and exclusive tract of land, is found, the extreme western twenty arpents of the woodland can be in only one place.”
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled and the judgment of the district court is reinstated and made the final judgment of this Court-All costs are to be paid by the defendants.